IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DION HENRY,

        Petitioner,                 No. 2:08-cv-2070-MCE-JFM (HC)

    vs.

D. K. SISTO, Warden,

        Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a November 2006 decision by the Governor of California reversing a finding by the former California Board of Prison Terms (hereafter Board) that petitioner was suitable for parole.  This matter came on for hearing on September 10, 2009 on respondent's motion to dismiss this action as premature and on the ground that petitioner's claims are barred by the doctrine of procedural default.  Margaret Littlefield, Esq., appeared as counsel for petitioner.  Robert C. Cross, Deputy Attorney General, appeared as counsel for respondent.  At the conclusion of the hearing, the court granted the parties a period of time in which to file evidence concerning when petitioner would have been released on parole but for the Governor's decision challenged herein.  Petitioner has now filed additional evidence in support of his assertion that he would have been released on parole in early 2007 had the Governor not reversed the Board's decision.

1

BACKGROUND

At the conclusion of a parole suitability hearing held on July 11, 2006, the Board found petitioner suitable for parole. Ex. G to Petition for Writ of Habeas Corpus, filed September 3, 2008, at 92. The Board also determined that petitioner had to serve eighty-six more months in prison prior to release on parole, although he could continue to earn good time credits and shorten that period and could "potentially" be out of prison "in five years or less." Id. at 105-106.[1] On November 28, 2006, the Governor reversed the parole suitability finding. Ex. B to Petition.

Petitioner sought habeas corpus relief from the Governor's decision in the state courts. On December 13, 2007, the California Court of Appeal for the Second Appellate District denied the petition on the ground that "petitioner is not eligible for release from custody at the present time, notwithstanding the decision of the Board of Prison Terms finding him suitable for parole" and, therefore, that "petitioner is not illegally confined as a result of the reversal of the Board's decision." Ex. L to Petition. On August 13, 2008, the California Supreme Court denied a petition for writ of habeas corpus filed in that court in an order that contained no statement of reasons for the decision. Ex. M to Petition. The instant action was filed on September 3, 2008.

ANALYSIS

Respondent seeks dismissal of the petition pursuant to Rule 4, 28 U.S.C. foll. § 2254. Rule 4 authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Respondent contends that the court lacks jurisdiction because petitioner would have had several more years to serve before his release on parole and therefore he is not presently being held in violation of federal law. Respondent also

---

[1] In his supplemental opposition to the motion to dismiss, petitioner contends that the Board's calculation of the time he would have to serve in prison prior to release on parole was incomplete and erroneous. The court need not resolve that issue.

1  contends that the state appeals court's decision constitutes a procedural bar to consideration of

2  petitioner's claims by this court.

3                  Respondent's first argument is without merit.   Habeas corpus relief is available

4  for an individual "in custody pursuant to the judgment of a State court only on the ground that he

5  is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

6  § 2254.  Such relief "is not limited to immediate release from illegal custody, but . . . the writ is

7  available as well to attack future confinement and obtain future releases."  Preiser v. Rodriguez,

8  411 U.S. 475, 487 (1973).   In Preiser, the petitioners sought restoration of good time credits,

9  alleging that deprivation of those credits was causing them to be in prison past their "conditional-

10  release date."  Id.  The Supreme Court specifically noted that "[e]ven if the restoration of the

11  respondents' credits would not have resulted in their immediate release, but only in shortening

12  the length of their actual confinement in prison, habeas corpus would have been their appropriate

13  remedy."

14                Preiser is dispositive of respondent's first argument.  Petitioner is in custody

15  pursuant to the judgment of a state court.  His sentence included the possibility of parole, and he

16  challenges the reversal of a decision to grant him a parole date. California's parole statutes give

17  rise to "a cognizable liberty interest in parole which is protected by the procedural safeguards of

18  the Due Process Clause."  Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003).  That liberty

19  interest "is created, not upon the grant of a parole date, but upon the incarceration of the inmate."

20  Id.  Whether or not success on the due process claim raised in the instant action would entitle

21  petitioner to immediate release, it would shorten the length of his confinement in prison.  Habeas

22  corpus relief is the proper remedy for petitioner should his due process claim have merit, and it is

23  available now whether or not he would be entitled to immediate release on parole.  See Preiser,

24  supra.[2]

25

26         [2] As noted above, petitioner has presented evidence which may call into question the
state court of appeal's determination that petitioner was not eligible for release at the time that

1      Respondent's second contention is that petitioner's claims are barred by the

2  doctrine of procedural default.  Based on concerns of comity and federalism, federal courts will

3  not review a habeas petitioner's claims if the state court decision denying relief rests on a state

4  law ground that is independent of federal law and adequate to support the judgment.  Coleman v.

5  Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989).  Generally,

6  the only state law grounds meeting these requirements are state procedural rules.  If there is an

7  independent and adequate state ground for the decision, the federal court may still consider the

8  claim if the petitioner can demonstrate:  (1) cause for the default and actual prejudice resulting

9  from the alleged violation of federal law, or (2) a fundamental miscarriage of justice.  Harris, 489

10  U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

11      Respondent contends that the state court's decision that petitioner's petition was

12  premature is both independent of federal law and adequate to support the judgment.  This

13  argument is without merit.  First, it is not clear from the state court's order whether its decision

14  rested on state or federal law and therefore the record does not establish that the state court's

15  decision was independent of federal law.  Nor does the record show that the rule applied by the

16  state court of appeal is one that is "'clear, consistently applied, and well-established at the time of

17  the petitioner's purported default.'"  Fields v. Calderon, 125 F.3d 757, 762 (9th Cir. 1997)

18  (quoting Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994).  For that reason, the state court's

19  decision is not adequate to support dismissal of petitioner's federal claims.  Accordingly, the

20  court finds that petitioner's claims are not procedurally barred.

21      For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

22      1.  Respondent's January 20, 2009 motion to dismiss be denied;

23      2.  Respondent be directed to answer the petition within thirty days from the date

24  of any order adopting these findings and recommendations and shall include with the answer any

25

26  court denied his petition.  For the reasons set forth in these findings and recommendations, this
   court does not need to resolve that question in order to decide the instant motion.

1   and all transcripts or other documents relevant to the determination of the issues presented in the

2   application that are not already part of the record; and

3          3.  Petitioner's traverse, if any, be due on or before thirty days from the date

4   respondent's answer is filed.

5          These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:  October 29, 2009.

13

14  _____
    UNITED STATES MAGISTRATE JUDGE

15

16  12
    henr2070.mtd
17

18

19

20

21

22

23

24

25

26