IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DION HENRY,

      Petitioner,                     No. 2: 08-cv-2070 MCE KJN P

   vs.

D.K. SISTO,

      Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a former state prisoner proceeding through counsel, requests dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, which challenges a 2006 decision by the Governor of California reversing a finding of the former California Board of Prison Terms ("Board") that petitioner was suitable for parole. In response to an order to show cause filed by this court on January 19, 2011 (Dkt. No. 37), petitioner states that he is now paroled and requests that the instant action be dismissed (Dkt. No. 38).

       "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A habeas petition is moot after a prisoner's release if the petition presents no remaining case or controversy. Nonnette v. Small, 316 F.3d 872, 876-77 (9th Cir. 2002). Accordingly, there remain no outstanding issues in the

1

instant petition.

Therefore, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

henr2070.f&r.dism